# COURT OF APPEALS
# DECISION
# DATED AND FILED

## February 15, 2022

Sheila T. Reiff
Clerk of Court of Appeals

## NOTICE

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2019AP1964-CR**

STATE OF WISCONSIN

Cir. Ct. No. 2017CF4646

IN COURT OF APPEALS
DISTRICT I

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

BRANDON E. JONES,

DEFENDANT-APPELLANT.

APPEAL from a judgment of the circuit court for Milwaukee County: CYNTHIA MAE DAVIS, Judge. *Affirmed*.

Before Brash, C.J., Donald, P.J., and White, J.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Brandon E. Jones appeals a judgment of conviction, following a jury trial, of misdemeanor battery, felony substantial battery, misdemeanor disorderly conduct, and felony intimidation of a witness, all with domestic abuse assessments. Jones argues that he is entitled to a new trial because the trial court erroneously admitted the victim's health care records. Specifically, he contends that the State did not provide proper notice of its intent to use the records. Upon review, we affirm.

## BACKGROUND

¶2 On September 27, 2016, Milwaukee police responded to a domestic violence complaint. R.W. told police that her boyfriend, Jones, slapped her with an open hand, grabbed her, picked her up, slammed her onto the ground, and then got on top of her and slapped her several more times. R.W. sustained multiple fractures that required surgery to repair. The State initially charged Jones with two misdemeanors and one felony related to the incident and Jones was ordered not to have any contact with R.W. The State notified Jones's counsel, pursuant to WIS. STAT. § 908.03(6m) (2019-20),[1] of the availability of R.W.'s certified medical records.

¶3 While Jones was in jail, police discovered several phone calls Jones made to R.W. in which Jones told R.W. to recant her statement. The State dismissed the three counts in the original complaint and reissued the same charges in a complaint filed on October 10, 2017, adding an additional count related to Jones's phone calls to R.W. from jail. The new complaint charged Jones with

---

[1] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

misdemeanor battery, felony substantial battery, misdemeanor disorderly conduct, and felony intimidation of a witness (by a person charged with a felony), all with domestic abuse assessments. The State did not send Jones's counsel a new notice of the availability of R.W.'s medical records.

¶4 Just prior to the start of trial, the trial court addressed the admissibility of the "voluminous medical records" related to R.W.'s injuries that were offered into evidence by the State. Trial counsel argued that the "records weren't filed with the [c]ourt" and that they were inadmissible hearsay. The State responded that the records were admissible without the testimony of the records custodian because the State had complied with WIS. STAT. § 908.03(6m)[2] by a notification letter dated November 1, 2016. The State acknowledged that the notification related to the original complaint, but argued that "there's no requirement the specific case number be referenced." Trial counsel, who was Jones's counsel when the original complaint was filed, did not dispute that he had been previously notified of the availability of R.W.'s health care records.

---

[2] WISCONSIN STAT. § 908.03(6m)(b) provides:

> A custodian or other qualified witness required by sub. (6) is unnecessary if the party who intends to offer patient health care records into evidence at a trial or hearing does one of the following at least 40 days before the trial or hearing:
>
> 1. Serves upon all appearing parties an accurate, legible and complete duplicate of the patient health care records for a stated period certified by the record custodian.
>
> 2. Notifies all appearing parties that an accurate, legible and complete duplicate of the patient health care records for a stated period certified by the record custodian is available for inspection and copying during reasonable business hours at a specified location within the county in which the trial or hearing will be held.

However, trial counsel argued that "the notice that was given on a previous case doesn't get to piggyback on this case."

¶5      The trial court found that R.W.'s health care records were admissible because trial counsel had adequate notice of the records, as he was Jones's counsel when the notice was filed, and because the State complied with WIS. STAT. § 908.03(6m)(b). Accordingly, the trial court found that admission of the records would not be prejudicial to Jones's case.

¶6      The matter proceeded to trial where multiple witnesses, including R.W., testified. R.W. recanted her earlier statements, telling the jury that she broke her ankle after falling down because she was drunk. R.W. also testified that she had no contact with Jones since September 2016 and that he did not call her from jail.

¶7      Officer Gregory Meyer testified that he responded to "a battery, a domestic violence complaint" on the evening of September 27, 2016, and had spoken to R.W. R.W. told Meyer that she got into an argument with her boyfriend, Jones, which "became physical," and that he "he hit her several times and actually picked her up and threw her down to the ground outside the apartment building." R.W. told Meyer that she had pain in her face and right leg. She was "very upset," and had difficulty talking because of the pain. Meyer did not observe any signs that R.W. was intoxicated. After R.W. went in an ambulance to the hospital, Meyer spoke to her at the hospital, where R.W. completed a domestic violence form.

¶8      Meyer testified that the certified medical records for R.W. related to dates of treatment from September 27 through October 1, 2016, were signed by a

records custodian on October 7, 2016. Over trial counsel's objection, the trial court admitted R.W.'s certified patient care records into evidence.

¶9 Meyer confirmed that the records were for R.W. and were related to the incident during which her leg was injured. In the records, a hospital employee whom Meyer had spoken to during his investigation stated that R.W. presented to the emergency room "complaining of an injury to her right ankle after getting assaulted and slammed to the ground by her significant other." The radiology report stated that R.W. sustained three fractures to her right ankle. A doctor's note stated that R.W. had "right ankle pain after fighting with [her] significant other" and sustained multiple fractures.

¶10 Investigator Todd Armstrong testified that he reviewed several phone calls made from the county jail and the house of corrections. He determined that these calls were made from Jones to R.W.'s phone number because they referenced R.W.'s daughter by name and contained details about R.W.'s ankle injury. The recordings of the four phone calls were played for the jury. The day before the start of Jones' trial on February 19, 2018, Armstrong reviewed jail and phone records and discovered that Jones had again called R.W. at a different phone number, which he identified as belonging to R.W. through subscriber information. The recorded phone call was played for the jury.

¶11 The jury ultimately convicted Jones of all four charges. This appeal follows.

## DISCUSSION

¶12 On appeal Jones contends the trial court erroneously exercised its discretion in admitting R.W.'s health care records because a "notice of medical

5

records was not provided to the defendant in a timely manner, nor in compliance with the defendant's demand for discovery served on the State in pretrial matters in the subject case." Jones contends that the trial court's determination that Jones had adequate notice "switched responsibility for use and review of the medical records onto the defendant instead of requiring the State to do its job and provide proper notice to the defendant in the subject case." The State maintains that it complied with the notice requirements of WIS. STAT. § 908.03(6m), but contends that an alleged evidentiary error in this case is subject to a harmless error analysis. Upon review, we decline to address the medical records issue because we agree with the State that if an error occurred with regard to the admission of the medical records, the error was harmless.

¶13 We generally review a trial court's ruling on the admissibility of evidence for an erroneous use of discretion. *See State v. Miller*, 231 Wis. 2d 447, 467, 605 N.W.2d 567 (Ct. App. 1999). This court will not disturb a trial court's discretionary decision so long as the record reflects "the [trial] court's reasoned application of the appropriate legal standard to the relevant facts of the case." *See State v. Harris*, 2008 WI 15, ¶85, 307 Wis. 2d 555, 745 N.W.2d 397. "The [trial] court's decision will be upheld 'unless it can be said that no reasonable judge, acting on the same facts and underlying law, could reach the same conclusion.'" *State v. Payano*, 2009 WI 86, ¶51, 320 Wis. 2d 348, 768 N.W.2d 832 (citation omitted). "If the trial court failed to 'adequately explain its reasoning, we may search the record to determine if it supports the court's discretionary decision.'" *Dalka v. Wisconsin Cent., Ltd.*, 2012 WI App 22, ¶51, 339 Wis. 2d 361, 811 N.W.2d 834 (citation omitted).

¶14 Where a trial court erroneously admits evidence, that error is subject to a harmless error analysis. *Harris,* 307 Wis. 2d 555, ¶85. "[I]n order for an

error to be deemed harmless, the party who benefited from the error must show that 'it is clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error.'" *State v. Martin*, 2012 WI 96, ¶45, 343 Wis. 2d 278, 816 N.W.2d 270 (citation omitted). In assessing harmless error, we focus on whether the error undermines the court's confidence in the outcome of the case. *See State v. Grant*, 139 Wis. 2d 45, 53, 406 N.W.2d 744 (1987).

¶15 We conclude that even if an error occurred with regard to the admission of the health care records, the error was harmless because a rational jury would have still found Jones guilty. As the State notes, the records were not essential to the State's case. Officer Meyer testified that R.W. described the assault in detail and that R.W. filled out a domestic violence form at the hospital, and admitted that she signed the form. The jury heard recordings of multiple 911 calls about the incident. The jury also heard testimony about Jones's jailhouse phone calls to R.W. telling her to recant her statements, which R.W. did on the witness stand. R.W. also gave multiple inconsistent statements pertaining to her 911 calls, whether Jones was present when she sustained her injury, and her interactions with police. The jury clearly disregarded R.W.'s testimony, as her testimony contradicted both her previous statements to police as well as the testimony of other witnesses. *See State v. Wilson*, 149 Wis. 2d 878, 894, 440 N.W.2d 534 (1989) (explaining that credibility determinations are for the jury).

¶16 Moreover, R.W.'s medical records did not contain medical opinions warranting expert testimony. Rather, the records contained the diagnoses of R.W.'s multiple ankle fractures, the dates of treatment, R.W.'s description of the cause of her injuries, and a statement that R.W. sustained her injuries after "fighting with [her] significant other." Indeed, many references in the records to the altercation between Jones and R.W. stemmed from R.W.'s own reporting. The

admitted records did not reflect medical opinion that could have been refuted by expert witnesses.

¶17     Because we agree with the State that a rational jury would have found Jones guilty regardless of the admission of the medical records, we conclude that any alleged error in admitting the records was harmless.  For the foregoing reasons, we affirm the trial court.

*By the Court.*—Order affirmed.

This opinion will not be published.  *See* WIS. STAT. RULE 809.23(1)(b)5.